UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

2011 DEC 19 AM 11:53

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

Case No.: _____
Assigned for all purposes to the
Honorable _____

Carrie Luft, pro se

Plaintiff,

vs.

**VERIFIED COMPLAINT FOR DAMAGES**

Citigroup Global Markets Realty Corp.,
Citi Property Holdings Inc., f/k/a/
Liquidation Properties Inc., et el,
and Does 1-10

2:11-cv-703-FtM-29SPC

Defendants.

---

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE**

Plaintiff, Carrie Luft, brings this action against Citigroup Global Markets Realty Corp., Citi Property Holdings Inc., f/k/a/ Liquidation Properties Inc., et el, and John and Jane Does (collectively "Defendants") for serious breach of fiduciary duty, wrongful foreclosure, violations of Truth-in-Lending Act, violations of the Real Estate Settlement Procedures Act, to obtain injunctive and declaratory relief under federal and state statute, and attorney fees.

### Parties

**PLANTIFF**

Plaintiff, Carrie Luft, is of majority age and is a resident of the State of Florida and is a "consumer" and "natural person" for the purpose of this complaint within the meaning of The Federal Truth in Lending Act 15 U.S.C. §1601 et seq., Regulation Z, §

1

226.2(11) and Act 15 U.S.C. § 1692, Fair Debt and Collection Practices Act.

**DEFENDANTS**

Defendants, Citi Property Holdings Inc., f/k/a/ Liquidation Properties Inc., Citigroup Global Markets Realty Corp. with its principal place of business located at 390 Greenwich St., 6th floor, New York, NY, 10013, was, at all material times hereto, were all foreign corporations which was doing business in the State of Florida including the servicing of mortgage loans which in this instance, further constituted the collection of consumer debts subject to the provisions of the Federal Truth In Lending Act 15 U.S.C. §1602(f) and the Fair Debt and Collection Practices Act 15 U.S.C. §1692a and is a "creditor and collector" as defined. Defendants Citi Property Holdings Inc., f/k/a/ Liquidation Properties Inc., is further subject to RESPA 2605 and is a loan servicing agent and subject to statutory requirements under section 6 of RESPA. Citigroup Global Markets Realty Corp sponsors the securitization of Mortgage Loans.

**DEFENDANTS**

Defendants Does 1 – 10 are involved in the instant case and transactions, and are currently unknown to Plaintiff. Said entities will be joined upon further discovery of their true nature and liability once these facts are known and supported by competent evidence.

### Jurisdiction/Venue

This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1332, pursuant to 15 U.S.C. § 1640(e) for TILA claims, and pursuant to 28 U.S.C. § 1367 for supplemental jurisdiction of Plaintiff's state law claims because Plaintiff's claims are so related to the claims within the court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. The Court

has authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201. Counts arising under contract, common law, and the law of conveyances in real property are properly asserted under this Court's pendent jurisdiction.

Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally and whereby the real property and a substantial part of the events and claims, the subject of this suit, are situated here, communications notifying Plaintiffs of foreclosure and election to sell under the security instrument conveyed and enforced by Defendants are in this district, and Defendants principle business are within the forum state of New York.

### Background

The federally related mortgage transaction at the root of this case was closed with documents signed on or about February 23rd, 2006, the purported closing, whereupon Plaintiff unknowingly entered into a mortgage loan transaction securing plaintiff's homestead real property and permanent residence of the Plaintiffs.

### Conditions Precedent

All conditions precedent have been performed or have occurred and TILA violations may be asserted defensively now due to the foreclosure filing and election to sell and as a recoupment or set-off pursuant 15 U.S.C. 1637 et seq.

Plaintiff has standing as of the date of the contract and where the contract is a federally related mortgage transaction governed by TILA and due to the foreclosure filing recorded in the official records in Charlotte County Florida, a copy attached hereto as PLAINTIFFS EXHIBIT 1 and incorporated as if fully stated herein by reference.

### COUNT ONE (Wrongful Foreclosure)

Still urging and relying on the foregoing and on all matters set forth and herein below, Plaintiff would show that if Defendants are allowed to proceed with the sale of the subject property, when such foreclosure was wrongful, would then permit Defendants to

perpetuate a course of wrongful conduct from the onset of this purported loan which is at the heart of this dispute. Such sale would be wrongful by virtue of non-compliance with applicable Florida Code provisions; by virtue of Defendants' violations of TILA, RESPA, and at common law.

## COUNT TWO – TILA

The original payee of the note and beneficiary of all other documents at a purported closing with Defendants acted in contravention of TILA 15 U.S.C. § 1601 *et seq.* and Reg. Z in the following particulars, each and all of which may be asserted now affirmatively and defensively by Plaintiffs as a result of the subject foreclosure.

The TILA disclosure statement issued in conjunction with this consumer credit transaction violated the requirements of Truth in Lending and Regulation Z in the following and other respects:

    a.    By failing to provide the required disclosures prior to consummation of the transaction in violation of 15 U.S.C. § 1638(b) and Regulation Z § 226.17(b)

    b.    By failing to make required disclosures clearly and conspicuously in writing in violation of 15 U.S.C. § 1632(a) and Regulation Z § 226.17(a)

WHEREFORE, as a result of the violations of the Act and Regulation Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Plaintiff prays for judgment and relief against Defendants as follows:

1. Rescission of this transaction,
2. Termination of any security interest in Plaintiff's property created under the transaction,
3. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction,
4. Statutory damages of no less than $2,000 for the disclosure violations,
5. Statutory damages of no less than $2,000 for Defendants' failure to respond properly to Plaintiff's rescission notice,

6. Statutory damages under State Statute

7. Actual damages in an amount to be determined by a jury trial,

8. Reasonable attorney fee and costs of suit,

9. For such other and further relief as the Court may deem just and proper.

DEMAND FOR JURY TRIAL

Dated: 12/19/2011                By: _____
                                 Carrie Luft, pro se
                                 125 Sinclair St SE,
                                 Port Charlotte, Florida 33952
                                 (941)585-7027

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Certified Mail to: Citigroup Global Markets Realty Corp., Citi Property Holdings Inc., f/k/a/ Liquidation Properties Inc., located at 390 Greenwich St., 6th Floor, New York, NY 10013, on this 19 day of December 2011.

Dated: 12/19/2011                Signed By: _____
                                 Carrie Luft, pro se
                                 125 Sinclair St SE,
                                 Port Charlotte, FL 33952

Filed and recorded the 19th day of December, 2011 at _____ o'clock.

_____
Clerk

5