```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

CARRIE LUFT,

                  Plaintiff,

vs.                                    Case No.  2:11-cv-703-FtM-29SPC

CITIGROUP GLOBAL MARKETS REALTY
CORP., CITI PROPERTY HOLDINGS, INC.,
formerly known as LIQUIDATION
PROPERTIES, ACCREDITED HOME LENDERS,
INC., MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., LONE
STAR FUNDS, INC., and DOES 1-10,

                  Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Dismiss First Amended Complaint by Defendants Citigroup Global Markets Realty Corp. and Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc. (Doc. #27) filed on July 3, 2012. On July 20, 2012, plaintiff filed a Response in Opposition (Doc. #29). For the reasons set forth below, the motion is granted.

**I.**

On June 26, 2012, plaintiff Carrie Luft filed a *pro se* four-count First Amended Complaint (Doc. #26) against defendants Citigroup Global Markets Realty Corp., Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc., Accredited Home Lenders, Inc., Mortgage Electronic Registration Systems, Inc., Lone Star Funds, Inc., and Does 1-10. Plaintiff asserts that she lost her home in

state court foreclosure proceedings as a result of a conspiracy between the banks, Florida state court judges and The Florida Bar to fix the outcome of mortgage foreclosure cases in favor of the banks.  (Doc. #26, ¶¶ 5, 10, 14, 15, 31.)  Conceding that she cannot meet the pleading standards to set forth her conspiracy-related claims, the First Amended Complaint seeks (1) a constitutional declaratory judgment that the Federal Rules of Civil Procedure must not be construed so as to deny the First Amendment's right to petition; (2) a constitutional declaratory judgment for the right to collateral attack protected by the First, Ninth, and Fourteenth Amendments; (3) discovery prior to collateral attack under Rule 27; and (4) an extension of lis pendens.  Read liberally, as is required due to plaintiff's *pro se* status, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), plaintiff requests the Court to: (1) relax the pleading requirements set out in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009); (2) limit the application of the Rooker-Feldman doctrine;[1] (3) fashion or adopt a constitutional writ of *amparo*, as the civil equivalent of habeas corpus; (4) allow pre-suit discovery pursuant to Fed. R. Civ. P. 27(a)-(b); and (5) extend the application of the notice of lis pendens filed by plaintiff until the Eleventh Circuit has ruled on an appeal.

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

**II.**

Defendants seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6) because the First Amended Complaint does not state a claim upon which relief can be granted, and under Rule 12(b)(1) for lack of subject matter jurisdiction. (Doc. #27.)

**A. Count I**

Plaintiff seeks a "constitutional" declaratory judgment that the Federal Rules of Civil Procedure must not be construed so as to deny her First Amendment right to petition the court. Specifically, plaintiff requests that the Court relax the pleading requirements set out in Twombly, 550 U.S. 544 and Iqbal, 556 U.S. 662 and limit the application of the Rooker-Feldman doctrine.

The Court lacks subject matter jurisdiction over this purported cause of action. There is no such claim as a "constitutional" declaratory judgment, Willing v. Chicago Auditorium Ass'n, 277 U.S. 274 (1928), and therefore no possibility that a cause of action is stated, and thus no subject matter jurisdiction over such a claim. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998).

If jurisdiction otherwise exists, a federal district court may issue declaratory relief pursuant to the Declaratory Judgment Act.[2]

---

[2]"In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."
(continued...)

Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937).  This, however, provides no assistance to plaintiff.

> To establish the existence of an actual controversy within the meaning of the Declaratory Judgment Act, the party invoking a federal court's authority must show: (1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision.

State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc., 427 F. App'x 714, 721 (11th Cir. 2011)(citations and internal quotation marks omitted).  Seeking a procedural ruling which may be beneficial to plaintiff in a subsequent proceeding does not state a case or controversy within the meaning of the Declaratory Judgment Act.  Calderon v. Ashmus, 523 U.S. 740 (1998).  Additionally, such a claim would be futile because the relief plaintiff seeks in modifying existing Supreme Court precedent is unavailable.  See Jaffree v. Wallace, 705 F.2d 1526, 1532 (11th Cir. 1983)("Federal district courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court.").  Therefore, Count I is dismissed without prejudice for lack of subject matter jurisdiction, or in the alternative, is dismissed for failure to state a claim upon which relief may be granted.

---

[2](...continued)
28 U.S.C. § 2201(a).

**B.  Count II**

Plaintiff seeks a "constitutional" declaratory judgment that the Court should recognize, as a matter of federal common law, an American version of *juicio de amparo* or *vindicatio* as the civil equivalent of habeas corpus.  For the reasons stated above, there is no such claim as a constitutional declaratory judgment, but the Court will construe this request as an action for declaratory judgment under the Declaratory Judgment Act.  In Count II, plaintiff again fails to allege a viable cause of action or any of the three prongs necessary to establish the existence of an actual controversy.  In addition, the writ plaintiff seeks is not recognized by the jurisprudence of the United States. See Lewis v. Morrison, Civil Case No. 11-663 (RJL), 2012 WL 32586, at *1 (D.D.C. Jan. 6, 2012), aff'd, 468 F. App'x 6 (D.C. Cir. 2012).  Plaintiff also does not allege she is in any form of custody within the meaning of the federal habeas corpus statutes. Accordingly, Count II is dismissed without prejudice for lack of subject matter jurisdiction, or in the alternative, is dismissed for failure to state a claim upon which relief may be granted.

**C.  Count III**

Plaintiff seeks discovery pursuant to Fed. R. Civ. P. 27(a)-(b)[3] and In re Sims, 389 F.2d 148 (5th Cir. 1967), prior to

---

[3]Fed. R. Civ. P. 27(b) is not applicable as there is no appeal pending.

formalizing the "probable cause" of the civil conspiracy claim she wishes to bring. Rule 27(a) provides:

> (a) Before an Action is Filed.
> (1) Petition. A person who wants to perpetuate testimony about any matter cognizable in a United States court may file a verified petition in the district court for the district where any expected adverse party resides. The petition must ask for an order authorizing the petitioner to depose the named persons in order to perpetuate their testimony. The petition must be titled in the petitioner's name and must show:
>
> (A) that the petitioner expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought;
>
> (B) the subject matter of the expected action and the petitioner's interest;
>
> (C) the facts that the petitioner wants to establish by the proposed testimony and the reasons to perpetuate it;
>
> (D) the names or a description of the persons whom the petitioner expects to be adverse parties and their addresses, so far as known; and
>
> (E) the name, address, and expected substance of the testimony of each deponent.

Fed. R. Civ. P. 27(a). Even if the Court were to construe Count III as a verified petition pursuant to Fed. R. Civ. P. 27(a), it fails to state a claim because plaintiff fails to satisfy the requirements of Rule 27(a) by: (1) failing to provide the Court with the address and expected substance of the testimony of each deponent; and (2) failing to provide the names or a description of the persons whom the petition expects to be adverse parties and their addresses. Additionally, as noted by the magistrate judge in her Order dated June 26, 2012 (Doc. #25), plaintiff's reliance on In re Sims is misplaced as it is factually distinct from this

matter. Further, because the Federal Rules of Civil Procedure provide adequate relief, federal law does not recognize an action that simply seeks discovery so that another action may be filed. E.g., <u>Amand v. Pennsylvania R. Co.</u>, 17 F.R.D. 290 (D.N.J. 1955). Therefore, Count III will be dismissed.

### D. <u>Count IV</u>

Plaintiff requests an extension of the notice of lis pendens recorded on December 19, 2011. "The purpose of a notice of lis pendens is to alert creditors, prospective purchasers and others to the fact that the title to a particular piece of real property is involved in litigation." <u>Am. Legion Cmty. Club v. Diamond</u>, 561 So. 2d 268, 269 n. 2 (Fla. 1990)(citation omitted). A request to extend a notice of lis pendens is not an independent cause of action; instead, such a request should come in the form of a motion. <u>See, e.g.</u>, <u>De la Fuente v. Adrian Developers Corp.</u>, 967 So. 2d 251 (Fla. 3d DCA 2007). Count IV fails to state any basis for federal jurisdiction, and additionally fails to state a claim upon which relief may be granted. Accordingly, Count IV will be dismissed.

The Court will provide plaintiff with one <u>final</u> chance to amend her complaint to properly allege her claims. In so doing, plaintiff should adhere to the instructions and bear in mind the rules of law addressed in this Opinion and Order. In addition, the Court encourages plaintiff to fully familiarize herself with the

federal pleading requirements. The amended complaint should be entitled the "Second Amended Complaint."

Plaintiff may also take this opportunity to address any additional pleading deficiencies. For example, all four counts in the First Amended Complaint contain a paragraph realleging the allegations of all the preceding paragraphs. (Doc. #26, ¶¶ 6, 20, 30, 71.) This is a shotgun pleading. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Plaintiff will be required to replead each of her claims and to specify which factual allegations are relevant to each count.

### III.

Also before the Court is the Motion to Discharge Notice of Lis Pendens by Defendants, Citigroup Global Markets Realty Corp. and Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc. (Doc. #28). Defendants request that the Court discharge the notice of lis pendens recorded by plaintiff on December 19, 2011. Fla. Stat. § 48.23(2) provides that "[a] notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of

the action and will expire at that time. . . ." The statute lists a number of exceptions but none of them apply here. Because the notice of lis pendens has now expired, defendants' motion to discharge notice of lis pendens is denied as moot.

Accordingly, it is now

**ORDERED**:

1. Motion to Dismiss First Amended Complaint by Defendants, Citigroup Global Markets Realty Corp. and Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc. (Doc. #27) is **GRANTED** and the First Amended Complaint is **dismissed without prejudice**.

2. Plaintiff may file a Second Amended Complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

3. Motion to Discharge Notice of Lis Pendens by Defendants, Citigroup Global Markets Realty Corp. and Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc. (Doc. #28) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>16th</u> day of January, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record
Pro se parties