```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

CARRIE LUFT,

                Plaintiff,

vs.                              Case No.   2:11-cv-703-FtM-29SPC

CITIGROUP GLOBAL MARKETS REALTY
CORPORATION, CITI PROPERTY HOLDINGS,
INC., formerly known as LIQUIDATION
PROPERTIES, DOES 1-10,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Carrie Luft's Motion for Clarification of January 16, 2013 Order (Document #30) and Motion for 30 Day Extension of Time to File Second Amended Complaint (Doc. #32) filed on February 5, 2013. Defendants filed a Response (Doc. #33) on February 6, 2013. Upon review of the Motion, the Court also construes the motion to be a motion for reconsideration pursuant to Fed. R. Civ. P. 60(b).

**I.**

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. Am. Ass'n of People with Disabilities v. Hood, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003) (citing Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth., 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993)). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously."

PaineWebber Income Props. Three Ltd. P'ship v. Mobil Oil Corp., 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. Taylor Woodrow, 814 F. Supp. at 1073; PaineWebber, 902 F. Supp. at 1521. "When issues have been carefully considered and decisions rendered, the only reason which should commend reconsideration of that decision is a change in the factual or legal underpinning upon which the decision was based." Taylor Woodrow, 814 F. Supp. at 1072-73.

A motion for reconsideration does not provide an opportunity to simply reargue—or argue for the first time—an issue the Court has once determined. Court opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993). Unless the movant's arguments fall into certain limited categories, a motion to reconsider must be denied.

Under Rule 59(e), courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need

to correct clear error or prevent manifest injustice." Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).

**II.**

Plaintiff first asserts that the Court has misapplied and misrepresented cases cited in its Opinion and Order (Doc. #30), specifically, Willing v. Chicago Auditorium Ass'n, 277 U.S. 274 (1928) and Aetna Life Ins. Co. v. Haworth, 300 U.S. 227 (1937). (Doc. #32, pp. 4-5.)  The cases stand for the propositions that there is no such claim as a "constitutional" declaratory judgment and if jurisdiction otherwise exists, a federal district court may issue declaratory relief pursuant to the Declaratory Judgment Act. The cases are still good law and applicable for the propositions cited.

Plaintiff also seeks: (1) clarification of "the relationship between the right to seek Constitutional Declaratory Judgment and 28 U.S.C. §1331 & 1343, on the one hand and 42 U.S.C. §1983 & 1988(a) on the other;" (2) clarification of "the relationship between Rule 11(b)(2) of the Federal Rules of Civil Procedure and Plaintiff's rights to make 'claims . . . and other legal contentions . . . . Warranted by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;'" (3) clarification of "the meaning of Rule 11(b)(2) if 'Federal District Courts and circuit courts are bound to adhere to the controlling decisions of the Supreme Court;'" (4) to allow

briefing, hear argument, and allow presentation of actual evidence that the combined effect of the Rooker-Feldman doctrine, Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), prevent plaintiff from pursuing a meritorious case and have resulted in violations of her constitutional rights; and (5) that the Court apply "a correspondingly more searching judicial inquiry" pursuant to United States v. Carolene Products Co., 304 U.S. 144, 152 n. 4 (1938).  (Doc. #32; emphasis omitted.)  These arguments have either been previously considered, do not fall within the three major grounds justifying reconsideration, or need not be clarified at this time because plaintiff has not established subject matter jurisdiction.  Therefore, plaintiff's request for the Court to amend its Opinion and Order (Doc. #30) is denied.

The Court will grant clarification to the extent that plaintiff is required under Federal Rule of Civil Procedure 8(a) "to provide a short and plain statement of the grounds for the court's jurisdiction."  Fed. R. Civ. P. 8(a)(1).  If the Court determines "at any time" that it lacks subject-matter jurisdiction, the Court must dismiss the case.  Fed. R. Civ. P. 12(h)(3).

**III.**

Also before the Court is plaintiff's request for a 30 Day extension of time to file a Second Amended Complaint.  In support, plaintiff contends that she did not receive a copy of the Court's Opinion and Order (Doc. #30) until January 29, 2013.  The Court

will provide plaintiff an additional 21 days from the date of this Opinion and Order to file her Second Amended Complaint.  This will be plaintiff's <u>final</u> chance to amend her complaint to properly allege her claims.  Plaintiff's failure to file her Second Amended Complaint on or before May 14, 2013 will result in the dismissal of this case without further notice.

Accordingly, it is now

**ORDERED**:

1.  Carrie Luft's Motion for Clarification of January 16, 2013 Order (Document #30) and Motion for 30 Day Extension of Time to File Second Amended Complaint (Doc. #32) is **GRANTED** to the extent clarified herein.

2.  Plaintiff shall file a Second Amended Complaint **on or before May 14, 2013.**

3.  Plaintiff's failure to file her Second Amended Complaint on or before May 14, 2013 will result in the dismissal of this case **without further notice**.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>23rd</u> day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies:
Pro se parties
Counsel of record