UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARRIE LUFT,

    Plaintiff,

v.                                                           Case No:   2:11-cv-703-FtM-29CM

CITIGROUP GLOBAL MARKETS REALTY CORPORATION, CITI PROPERTY HOLDINGS, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., LONE STAR FUNDS, INC., MARK H. MULLER, Esq., MARK H. MULLER, P.A., DANIELLE SPRADLEY, Esq., MICHAEL D'ONOFRIO, Esq., BEN-EZRA & KATZ, P.A., AMERICAN HOME MORTGAGE SERVICING, INC., CITIGROUP GLOBAL MARKETS INC., CITIGROUP HOME MORTGAGE, Trust 2007-AHL3, LIQUIDATION PROPERTIES, INC., ACCREDITED HOME LENDERS HOLDING CO., as successor in interest to Accredited Home Lenders, Inc., and JOHN AND JANE DOES 1-10,

    Defendants.

_____

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion for Reconsideration of Electronic Filing (Doc. #68) filed on February 12, 2014. Plaintiff, *pro se*, Carrie Luft moves the Court to reconsider its February 5, 2014 Order denying her Motion to Allow Electronic Filing (Doc. #67). Plaintiff argues that allowing her

to file documents electronically in this case will save time and the Court resources. She also informs the Court that she is out of the country indefinitely and unable to file documents with the Court in person. Plaintiff also asserts that she has to rely on the Defendant to forward orders to her when it is not their responsibility to do so. In her initial Motion (Doc. #64), Plaintiff failed to provide any grounds for her request.

Reconsideration of a court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly. *Carter v. Premier Rest. Mgmt.*, 2006 WL 2620302 (M.D. Fla. Sept. 13, 2006) (citing *American Ass'n of People with Disabilities v. Hood*, 278 F. Supp 2d 1337, 1339 (M.D. Fla. 2003)). The courts have "delineated three major grounds justifying reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice." *Susman v. Salem, Saxon & Meilson, P.A.*, 153 F.R.D. 689, 904 (M.D. Fla. 1994). "A motion for reconsideration should raise new issues, not merely readdress issues litigated previously." *Paine Webber Income Props. Three Ltd. P'ship v. Mobil Oil Corp.*, 902 F. Supp. 1514, 1521 (M.D. Fla. 1995). The motion must set forth facts or law of a strongly convincing nature to demonstrate to the court the reason to reverse its prior decision. *Carter*, 2006 WL 2620302, at *1 (citing *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Auth.*, 814 F. Supp. 1072, 1072-73 (M.D. Fla. 1993)).

A motion for reconsideration does not provide an opportunity to simply reargue – or argue for the first time – an issue the Court has already determined. *Carter*, 2006 WL 2620302, at * 1. The Court's opinions "are not intended as mere first drafts,

subject to revision and reconsideration at a litigant's pleasure." *Id.* (citing *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "The burden is upon the movant to establish the extraordinary circumstances supporting reconsideration." *Mannings v. Sch. Bd. of Hillsboro Cnty., Fla.*, 149 F.R.D. 235, 235 (M.D. Fla. 1993). "Unless the movant's arguments fall into the limited categories outlined above, a motion to reconsider must be denied." *Carter*, 2006 WL 2620302, at *1.

The Court has reviewed Plaintiff's memorandum and grounds upon which she asserts that the Court should allow her access to electronic filing in this matter. The Court still finds that allowing Plaintiff access to CM/ECF is not warranted. Plaintiff has elected to proceed *pro se* in this matter and travel out of the country and must proceed accordingly, which includes allowing additional time for mailing. The Court will entertain reasonable requests for a courtesy copy of the docket sheet so that Plaintiff may stay apprised of the activity in this case, but Plaintiff must demonstrate to the Court that she has no other means to access the docket sheet on her own. Further, the Clerk of Court will mail all orders entered by the Court to Plaintiff at the mailing address she has provided to the Court.

Plaintiff is reminded that, despite her *pro se* status, it is mandatory that she participate and cooperate in discovery, comply with the deadlines established in the Court's Scheduling Order, respond properly to motions, and proceed in accordance with the Federal and Local Rules. *Loren v Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding that even *pro se* parties must follow procedures).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration of Electronic Filing (Doc. #68) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 21st day of February, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record
Unrepresented parties