UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARRIE LUFT,

        Plaintiff,

vs.  Case No. 2:11-cv-703-FtM-29CM

CITIGROUP GLOBAL MARKETS REALTY CORP., CITI PROPERTY HOLDINGS, INC., formerly known as LIQUIDATION PROPERTIES, INC., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., LONE STAR FUNDS, INC., DANIELLE SPRADLEY, ESQ., MICHAEL D'ONOFRIO, ESQ., BEN-EZRA & KATZ, P.A., AMERICAN HOME MORTGAGE SERVICING, INC., CITIGROUP GLOBAL MARKETS INC., CITIGROUP HOME MORTGAGE TRUST 2007-AHL3, ACCREDITED HOME LENDERS HOLDING CO., as successor in interest to ACCREDITED HOME LENDERS, INC., and JOHN AND JANE DOES 1-10,

        Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Motion for Summary Judgment on Plaintiff's Second Amended Complaint by Defendants, Citigroup Global Markets Realty Corp. and Citi Property Holdings Inc. F/K/A Liquidation Properties Inc. (Doc. #46) filed on July 17, 2013, as well as the Court's review of the Second Amended Complaint (Doc. #35) filed on May 14, 2013. Plaintiff filed a Response in Opposition (Doc. #48) and a Memorandum in Support (Doc. #51) on August 5, 2013. For the reasons set forth below, this matter is dismissed with prejudice.

I.

The Court will first address the procedural posture of this case. On December 19, 2011, plaintiff Carrie Luft filed a two-count Verified Complaint (Doc. #1) against defendants Citigroup Global Markets Realty Corp., Citi Property Holdings, Inc. f/k/a Liquidation Properties, Inc. (the Citi defendants), and Does 1-10 alleging wrongful foreclosure and violation of the Truth in Lending Act. Following a motion to dismiss and numerous extensions, plaintiff filed a motion for leave to amend her complaint, in which she requested that the Court relax the pleading requirements set out in Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009). (Doc. #23.) The magistrate judge granted leave to file a First Amended Complaint, but denied plaintiff's request to relax the pleading requirements. (Doc. #25.)

On June 26, 2012, plaintiff filed a four-count First Amended Complaint (Doc. #26) against the Citi defendants and defendants Accredited Home Lenders, Inc., Mortgage Electronic Registration Systems, Inc., Lone Star Funds, Inc., and Does 1-10 seeking a constitutional declaratory judgment, discovery prior to collateral attack under Rule 27, and an extension of lis pendens. (Id.) The Citi defendants again filed a Motion to Dismiss (Doc. #27). On January 16, 2013, the Court dismissed the Complaint without prejudice for failure to state a claim upon which relief may be

granted and for lack of subject matter jurisdiction. (Doc. #30.) The Court took the opportunity to explain in detail plaintiff's responsibilities and obligations regarding filing a proper complaint. (Id.) The Court further instructed that this would be plaintiff's "<u>final</u> chance to amend her complaint to properly allege her claims." (Id., p. 7)(emphasis in original).

Thereafter, plaintiff filed a Motion for Clarification and Motion for 30 Day Extension of Time to File Second Amended Complaint (Doc. #32). The Court issued an Opinion and Order, which provided plaintiff with an additional twenty-one days to file a Second Amended Complaint, granted clarification to the extent that Fed. R. Civ. P. 8 requires her to "to provide a short and plain statement of the ground for the court's jurisdiction," and again stated that "[t]his will be plaintiff's <u>final</u> chance to amend her complaint to properly allege her claims." (Doc. #34.)

On May 14, 2013, plaintiff filed a Second Amended Complaint (Doc. #35), on behalf of herself and others similarly situated, against the Citi defendants and defendants Mortgage Electronic Registration Systems, Inc., Lone Star Funds, Inc., Mark H. Muller, Esq., Mark H. Muller, P.A., Danielle Spradley, Esq., Michael D'Onofrio, Esq., Ben-Ezra & Katz, P.A., American Home Mortgage Servicing, Inc., Citigroup Global Markets Inc., Citigroup Home Mortgage Trust 2007-AHL3, Accredited Home Lenders, Inc., and John

and Jane Does 1-10.[1]  The Second Amended Complaint is 117 pages, 396 paragraphs, and includes 7 causes of action.  Plaintiff brings the following causes of action, which all appear to concern a foreclosure action on plaintiff's home: (1) a declaratory judgment that the final judgment of foreclosure in plaintiff's state foreclosure case is void for lack of standing; (2) a declaratory judgment that the final judgment of foreclosure in plaintiff's state foreclosure case is void under a theory of judicial estoppel; (3) violation of the Fair Debt Collection Practices Act (FDCPA); (4) violation of the Civil Rights Act; (5) malicious prosecution and breach of the implied covenant of good faith and fair dealing; (6) violation of the Sherman Act; and (7) violation of the Florida Deceptive and Unfair Trade Practices Act.

On May 28, 2013, the Citi defendants again filed a Motion to Dismiss (Doc. #36), to which plaintiff filed a Motion for Extension of Time (Doc. #38) and a Motion to Convert Motion to Dismiss to Motion for Summary Judgment (Doc. #42).  The Citi defendants conceded that conversion may be appropriate as they wished to have an affidavit considered.  (Doc. #43, ¶ 6.)  As a result, the Court

---

[1] On February 19, 2014, the Court issued an Order (Doc. #70) dismissing without prejudice all claims against defendants Mark H. Muller and Mark H. Muller, P.A. pursuant to Fed. R. Civ. P. 4(m) and ordered plaintiff to show cause within fourteen days why the remaining defendants, with the exception of the Citi defendants, should not be dismissed for failure to prosecute.

denied the Citi defendants' motion to dismiss without prejudice to filing a motion for summary judgment. (Doc. #44.)

On July 17, 2013, the Citi defendants filed a Motion for Summary Judgment (Doc. #46) arguing that the Court lacks subject matter jurisdiction and that summary judgment is appropriate as a matter of law because there are no genuine issues of material fact. Plaintiff filed a Response (Doc. #48) and Memorandum in Support (Doc. #51). The Citi defendants filed a Motion for Judicial Notice (Doc. #45), seeking judicial notice of Exhibits 1-10. Plaintiff also filed a Request for Judicial Notice (Doc. #49), seeking judicial notice of Exhibits A-L, as well as a Notice of Errata (Doc. #57) replacing Exhibit K and adding Exhibit M to her previous request, and another Notice of Errata (Doc. #60) replacing Exhibit M with Exhibit M1. On January 15, 2014, the Court granted the Citi defendants' motion for judicial notice and granted plaintiff's request for judicial notice as to Exhibits A-L, except for Exhibit K. (Doc. #65.) On February 12, 2014, plaintiff filed a Notice of Errata and Motion in Limine to Admit Exhibit M1 Into Evidence Nunc Pro Tunc (Doc. #69) requesting that the Court admit a revised Exhibit M1 pursuant to Fed. R. Evid. 402 and 803(6).

**II.**

Although the Court has detailed the deficiencies of plaintiff's complaint and provided detailed instructions on how to cure the various deficiencies, the Second Amended Complaint does

not conform to the pleading requirements of Federal Rules of Civil Procedure 8 and 10 by providing a short, plain statement regarding the relief sought and the subject matter jurisdiction of the Court. Although complaints are construed more liberally in *pro se* actions, plaintiff is subject to the same law and rules of court as a litigant represented by counsel, including the Federal Rules of Civil Procedure. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989). Plaintiff's Second Amended Complaint, which is a 117-page document containing 396 paragraphs and 7 causes of action, is a quintessential "shotgun" pleading replete with factual allegations and rambling legal conclusions. See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellog Corp., 305 F.3d 1293, 1295-96 (11th Cir. 2002).

The Court has on more than one occasion outlined plaintiff's responsibility to comply with the Federal Rules and provided her with specific instructions on how to comply with such rules. Despite this Court's efforts, plaintiff has again filed an insufficient pleading. Therefore, the Court will dismiss the Second Amended Complaint (Doc. #35) and will not allow any further amendments.

Plaintiff's causes of action are due to be dismissed for other reasons as well: (1) there is no basis for jurisdiction as to the first and second causes of action because the Declaratory Judgment Act is "only procedural" and does not provide a basis for subject-

matter jurisdiction, Medtronic, Inc. v. Mirowski Family Ventures, LLC, 134 S. Ct. 843, 848 (2014); (2) the third cause of action is precluded as there is no plausible violation of the FDCPA, see Warren v. Countrywide Home Loans, Inc., 342 F. App'x. 458, 460 (11th Cir. 2009); (3) the fourth cause of action under 42 U.S.C. § 1983 is precluded as plaintiff does not allege that defendants are governmental actors and plaintiff's conclusory allegations do not adequately allege a conspiracy claim, see San Fran. Arts & Athletics, Inc. v. U.S. Olympic Comm., 483 U.S. 522, 542 (1987)(the fundamental inquiry is whether there is a "governmental actor to whom the prohibitions of the Constitution apply"); Harvey v. Harvey, 949 F.2d 1127, 1133 (11th Cir. 1992)(to set forth a conspiracy claim under section 1983, "the plaintiff must plead in detail, through reference to material facts, the relationship or nature of the conspiracy between the state actor(s) and the private persons"); (4) the conclusory allegations in plaintiff's sixth cause of action do not adequately allege antitrust violations, see Aquatherm Indus., Inc. v. Fla. Power & Light Co., 145 F.3d 1258, 1262 (11th Cir. 1998)(in order to claim conspiracy to restrain trade, plaintiff must establish (a) an agreement or conspiracy among two or more persons or distinct business entities, (b) by which the persons or entities intend to harm or restrain competition, (c) that actually restrains competition); and (5) as to the fifth and seventh causes of action, even assuming these are properly pled, pursuant to 28 U.S.C. § 1367(c)(3) the Court would

exercise its discretion and decline to exercise supplemental jurisdiction.

Accordingly, it is now

**ORDERED**:

1. The Second Amended Complaint (Doc. #35) is **DISMISSED**. No further amendments will be allowed.

2. The Clerk is directed to enter judgment accordingly, terminate any previously scheduled deadlines and pending motions and close the file.

3. Motion for Summary Judgment on Plaintiff's Second Amended Complaint by Defendants, Citigroup Global Markets Realty Corp. and Citi Property Holdings Inc. F/K/A Liquidation Properties Inc. (Doc. #46) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>3rd</u> day of March, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
Pro se parties